IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARY R. CROOK,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:13-CV-4950-B-BH** |
| | ) | |
| **PRIVATE MINI STORAGE** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* case has been automatically referred for screening.  Before the Court is the plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, filed December 20, 2013 (doc. 5).  Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I.  BACKGROUND**

On December 20, 2013, the plaintiff filed this action and submitted an application to proceed *in forma pauperis* (IFP).  (*See* docs. 3, 5.)   On December 23, 2013, the Court sent her a *Notice of Deficiency and Order* advising her that her IFP application was incomplete and therefore did not provide enough information to decide if IFP status was appropriate.  (*See* doc. 6.)  It also sent her a Magistrate Judge's Questionnaire ("MJQ") to obtain more information about her claims.  (doc. 7.)  Both documents stated that the plaintiff's responses were due within thirty days and warned that failure to file a properly completed IFP application and answers to the MJQ could result in the dismissal of the action for failure to prosecute.  As of this date, the plaintiff has not filed a completed IFP application, answers to the questionnaire, or anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."  *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Here, the plaintiff's IFP application states that she receives disability income, although it does not list the amount.  It lists no dependents, no assets, and no monthly expenses.  The plaintiff has not shown that she will suffer undue financial hardship after payment of the $400.00 filing fee. Her application to proceed *in forma pauperis* should therefore be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff has failed to comply with the December 23, 2013 orders requiring that she file a completed IFP application and answers to the questionnaire within thirty days, and she has not filed anything else in the case.  It appears that she does not intend to proceed with this case, and it should therefore be dismissed for failure to prosecute or follow orders of the Court.

2

## IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless she submits a completed IFP application and answers to the questionnaire within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 7th day of February, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3